UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>SINYO SILKEUTSABAY,<br><br>　　　　　　　Defendant. | No. 2:13-CR-140-FVS-1<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>☒　　Motion Granted<br>　　　**(ECF No. 124)** |

At the October 17, 2014, hearing on Defendant's Motion for Reconsideration of Order of Detention, ECF No. 124, Defendant was present with counsel Jeffrey S. Niesen and assisted by federally-certified Laotian TIP (Telephone Interpreter Program) interpreter Edmund Ngeun Channita. Assistant U.S. Attorney George J.C. Jacobs, III, represented the United States. Both sides argued.

The Court has considered Defendant's Motion and attached letters of support, proffer of the parties, the Pretrial Services Report filed May 7, 2014, Supplemental Report filed May 12, 2014, Second Supplemental Report filed October 1, 2014.

This Court has taken into account the evidence, testimony and information produced at this hearing concerning the nature and circumstances of the offense charged, the weight of the evidence against the Defendant, his history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community,

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION - 1

community ties, past conduct, history relating to alcohol and drug abuse, criminal history, record concerning appearance at court proceedings, and the nature and seriousness of the danger to the community posed by Defendant's release.

The Court has considered the factors enumerated in 18 U.S.C. § 3142(g)(3)(A), including:

**I.    The nature and circumstances of the offense charged**

Defendant is alleged to be complicit in an operation producing over 1000 marijuana plants. The quantity of drugs weighs against release.

**II.   The weight of the evidence against the Defendant**

The specifics of the enterprise and Defendant's role therein are not specified. In any event, the court is required to give this factor the least weight.

**III.  Defendant's history and characteristics, including:**

<u>Character</u> – This weighs slightly against Defendant. Defendant has been unemployed for the past few years, though that could be attributable to the difficulty that any non-English speaking minority might have in securing employment. Certain members of his family have refused to risk their homes to post a bond. Defendant is said to gamble.

<u>Physical and mental condition</u> – Defendant appears to be healthy, though complains of memory problems.

<u>Family ties</u> – Defendant has family ties, including children and siblings, in the Eastern District of California, where he proposes to reside. This weighs in favor of release.

<u>Employment</u> – Defendant has secured employment upon release, albeit commission sales in a family business that is just starting up. This weighs in favor of release.

<u>Financial resources</u> – Defendant's resources are minimal. He does have a home to return to and a potential income from his new-found employment. This slightly supports release.

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION - 2

Length of residence in the community – Defendant was born in Laos, and has been in the United States since 1991. Within the United States, he has not remained in one city for more than three or four years. He has spent the most time in Fresno, California, where he proposes to reside after release. This weighs only slightly for release.

Community ties – Defendant has employment and relatives and an established home in Fresno, and this is counted as significant ties, weighing substantially in favor of release.

Past conduct – This factor weighs slightly against release, as it involves non-specific allegations of threatening behavior and gang affiliations.

History relating to alcohol and drug abuse – This weighs against release, as Defendant reports he has been a heavy and regular user of marijuana.

Criminal history – This weighs, if at all, slightly against release as Defendant's criminal record, while involving allegations of violence, is over ten years old and did not result in convictions.

Record concerning appearance at court proceedings – This weighs in favor of release, as there are no known incidents of failing to appear.

Whether Defendant was under supervision at the time of the alleged offense – Defendant was not under conditions of release at the time of the alleged offense, hence this factor does not weigh against release.

**IV. The nature and seriousness of the danger to the community posed by Defendant's release**.

This factor weighs somewhat against release, as the record contains allegations that Defendant threatened others, provided a firearm to another individual, and associates with 'Asian gangs." Further, Defendant's prior criminal charges suggested a potential for violence. This factor weighs against release, but is not controlling inasmuch as the allegations are spare, conclusory, unattributed and without context. The prior criminal charges are relatively minor; fighting as a

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION - 3

juvenile, and a charge of "CCW," which may or may not involve a concealed weapon.

The Court, having considered the proffers of Defendant and Plaintiff, and 18 USC § 3142, finds the United States has not met it's burden and shown by a preponderance that no combination of conditions will reasonably assure the Defendant's appearance for further proceedings, and by clear and convincing evidence that no combination of conditions will reasonably assure the safety of the community if Defendant is released pending trial.

Accordingly, Defendant's Motion, **ECF No. 124,** is **GRANTED.**

**IT IS ORDERED** that the release of the Defendant is subject to the following:

### STANDARD CONDITIONS OF RELEASE

**(1)** Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

**(2)** Defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

**(3)** Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

**(4)** Defendant shall sign and complete A.O. Form 199C before being released and shall reside at the address furnished.

**(5)** Defendant shall not possess a firearm, destructive device or other dangerous weapon.

**(6)** Defendant shall report to the United States Probation Office before or

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION - 4

immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**(7)** Defendant shall contact defense counsel at least once a week.

**(8)** Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**(9)** Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Defendant may not use or possess marijuana, regardless of whether Defendant has been prescribed a medical marijuana card.

**(10)** Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

## BOND

**(11)** Defendant shall execute a $2,500.00 cash bond.

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the Defendant and the safety of other persons and the community:

**IT IS FURTHER ORDERED** that the release of the Defendant is subject to the following additional conditions:

**(12)** Maintain or actively seek lawful employment.

**(13)** Maintain or commence an education program.

**(14)** Except for travel to the Eastern District of Washington for court-related appearances, Defendant shall remain in the Eastern District of California

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION - 5

while the case is pending. On a showing of necessity, and with prior notice by the defense to the assigned Assistant U.S. Attorney, the Defendant may obtain prior written permission to temporarily leave this area from the United States Probation Office.

**(15)** Avoid all contact, direct or indirect, with any persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

**(16)** Avoid all contact, direct or indirect, with known felons or Co-Defendant(s), with the exception of Defendant's domestic partner LaLy Yang.

**(17)** Refrain from any use of alcohol.

**(18)** There shall be no alcohol in the home where Defendant resides.

**(19)** There shall be no firearms in the home where Defendant resides.

## SUBSTANCE ABUSE EVALUATION AND TREATMENT

If Defendant is required to submit to a substance abuse evaluation, inpatient or outpatient treatment, the following shall apply:

Defendant shall complete treatment indicated by an evaluation or recommended by Pretrial Services and shall comply with all rules of a treatment program. Defendant shall be responsible for the cost of testing, evaluation and treatment, unless the United States Probation Office should determine otherwise. The United States Probation Office shall also determine the time and place of testing and evaluation and the scope of treatment. If Defendant fails in any way to comply or cooperate with the requirements and rules of a treatment program, Pretrial Services shall notify the court and the U.S. Marshal, who will be directed to immediately arrest the Defendant.

**(20)** **Substance Abuse Evaluation**: Defendant shall undergo a substance abuse evaluation as directed by a U.S. Probation Officer.

**(21)** **Prohibited Substance Testing: If random urinalysis testing is not done through a treatment program, random urinalysis testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month.** Defendant shall submit to any method of testing required by the

Pretrial Service Office for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of prohibited substance testing. Full mutual releases shall be executed to permit communication between the court, Pretrial Services, and the treatment vendor. Treatment shall not interfere with Defendant's court appearances.

**(22)** Defendant shall not frequent gambling establishments or participate in any kind of gambling activity.

DATED October 20, 2014.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION - 7