UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>SINYO SILKEUTSABAY (1),<br>LA LY YANG (2),<br>BOUALONG SILKEUTSABAY (3),<br>KHAMLAY SILKEUTSABAY (4),<br><br>　　　　　　　Defendants. | NO: 13-CR-0140-TOR-1<br>　　　　13-CR-0140-TOR-2<br>　　　　13-CR-0140-TOR-3<br>　　　　13-CR-0140-TOR-4<br><br>ORDER DENYING DEFENDANTS'<br>MOTION TO DISMISS INDICTMENT |

BEFORE THE COURT is Defendants' Motion to Dismiss Indictment (ECF No. 185). This matter was submitted for consideration without oral argument. The Court has reviewed the record and the files therein, and is fully informed.

In July 2013, federal law enforcement officials executed a federal search warrant at a property located in Stevens County, Washington. During the search, officers seized over 1000 marijuana plants. On September 4, 2013, Defendants were each charged with Conspiracy to Manufacture 1000 or More Marijuana

ORDER DENYING DEFENDANTS' MOTION TO DISMISS INDICTMENT ~ 1

Plants, Manufacture of 1000 or More Marijuana Plants, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, and Notice of Criminal Forfeiture.  ECF No. 1.  On April 30, 2015, three Defendants pleaded guilty to an Information Superseding Indictment, which charged these Defendants with one count of Conspiracy to Manufacture 100 or More Marijuana Plants in violation of 21 U.S.C. § 846.  ECF Nos. 209, 212, 215.  Khamlay Silkeutsabay pleaded guilty to an Information Superseding Indictment charging her with Misprision of Felony in violation of 18 U.S.C. § 4.  ECF No. 205.  The Court accepted these pleas and scheduled a sentencing hearing for September 17, 2015, for each Defendant.  ECF Nos. 221-24.

In the instant motion, Defendants seek an order dismissing the charges against them.[1]  Defendants contend that, in light of the recent enactment of the Consolidated and Further Continuing Appropriations Act of 2015, no rational basis exists for Congress' regulation of intrastate marijuana cultivation or medicinal marijuana transactions.  ECF No. 185 at 2-5.[2]  This Court is unpersuaded.

---

[1] The Plea Agreements each contain a "Conditional Plea" provision, which reserves Defendants' right to appeal this Court's Order should their motion be denied.  *See, e.g.*, ECF No. 215 at 3.

[2] On December 16, 2014, President Obama signed the 2015 fiscal year appropriations bill.  This legislation included the following rider: "None of the

ORDER DENYING DEFENDANTS' MOTION TO DISMISS INDICTMENT ~ 2

The Supreme Court, in *Gonzales v. Raich*, 545 U.S. 1 (2005), held that Congress' authority under the Commerce Clause extended to the regulation of wholly intrastate manufacture and possession of marijuana. Holding that Congress had a rational basis for concluding that intrastate marijuana activities "substantially affect" interstate commerce, the Court noted the following: "Given the enforcement difficulties that attend distinguishing between marijuana cultivated locally and marijuana grown elsewhere and concerns about diversion into illicit channels, we have no difficulty concluding that Congress had a rational basis for believing that failure to regulate the intrastate manufacture and possession of marijuana would leave a gaping hole in the CSA." *Raich*, 545 U.S. at 22 (citation omitted).

As a threshold matter, Defendants' case more accurately concerns the regulation of *interstate* marijuana, which supporting facts Defendants have omitted from their briefing. Defendants initiated their marijuana operation in Fresno,

---

funds made available in this Act to the Department of Justice may be used, with respect to [certain States, including Washington], to prevent such States from implementing their own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana." Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113-235, § 538, 128 Stat. 2130 (2014).

ORDER DENYING DEFENDANTS' MOTION TO DISMISS INDICTMENT ~ 3

California. The prosecution intended to offer witness testimony that Defendant Boualong Silkeutsabay rented a U-Haul to deliver fertilizer, growing equipment, and other marijuana grow supplies and that Defendants Boualong and Khamlay Silkeutsabay drove some of the marijuana plants from California to the grow site in Washington. *See, e.g.*, ECF No. 215 at 10-12. Defendants have not challenged Congress' Commerce Clause authority to regulate interstate marijuana activities under the CSA, nor can such a challenge reasonably be made.

Even if Defendants' activities were solely confined to the state of Washington, a rational basis exists to regulate the intrastate manufacture and possession of marijuana. The appropriations rider does not negate the Supreme Court's reasoning as to this issue. *See Raich*, 545 U.S. at 22; *see also Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 276 (1981) ("The court must defer to a congressional finding that a regulated activity affects interstate commerce, if there is a rational basis for such a finding.").

Finally, to the extent Defendants' reply brief resubmits argument that the appropriations rider prevents federal prosecution under the CSA, the Court has already considered, and rejected, this argument. The appropriations rider merely prevents the Department of Justice from using its 2015 fiscal year funds in a manner that interferes with certain conduct *sanctioned* by state medical marijuana laws. This rider did not modify or limit the reach of federal prosecutorial authority

ORDER DENYING DEFENDANTS' MOTION TO DISMISS INDICTMENT ~ 4

under the CSA and, in any event, is inapplicable to prosecution of Defendants' case where over 1000 marijuana plants were seized—a number far in excess of that authorized under Washington's medical marijuana law.  Accordingly, Defendants' Motion to Dismiss Indictment (ECF No. 185) is **DENIED**.

**IT IS ORDERED:**

Defendants' Motion to Dismiss Indictment (ECF No. 185) is **DENIED**.

The District Court Executive is directed to enter this order and provide copies to counsel.

**DATED** May 18, 2015.

THOMAS O. RICE
United States District Judge